UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62914-CIV-ALTMAN/Hunt

**EXPANSION CHURCH CORP.** d/b/a
**NEW GENERATION EARLY LEARNING
CENTER**,

      Plaintiff,

v.

**CERTAIN UNDERWRITERS AT
LLOYD'S LONDON SUBSCRIBING TO
POLICY #BEA12709,**

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Plaintiff's, Expansion Church Corp., Motion to Strike the Defendant's Affirmative Defenses, filed on March 12, 2019, ("Motion") [ECF No. 17], and United States Magistrate Judge Lurana S. Snow's Report and Recommendation, issued on March 26, 2012, ("Report") [ECF No. 22].

Magistrate Judge Snow recommended both that the Motion be denied and that the Defendant receive a brief period of time within which to amend its pleadings. *See* Report at 2. The Report also advised the parties that they had fourteen days to object to the Report. *See id*. That fourteen-day period expired with no objections having been filed.

When a magistrate judge's "disposition" has been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

Although Rule 72 is silent on the applicable standard of review when neither party has objected to the magistrate judge's report and recommendation, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed— and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the Eleventh Circuit has been clear that "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the Motion, the record, and the applicable law and can find no clear error in the Report. Accordingly, this Court hereby

**ORDERS AND ADJUDGES** that the Report and Recommendation **[ECF No. 22]** is **ACCEPTED and ADOPTED** as follows:

1. The Plaintiff's Motion **[ECF No. 17]** is **DENIED**.

2. The Defendant, if it wishes, may amend its pleadings by **May 6, 2019**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of April 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Lurana S. Snow
   counsel of record